NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DR. REDDY'S LABORATORIES LIMITED, et al.,

        Plaintiffs,

v.

MDS, INC., et al.,

        Defendants.

Civ. No. 09-2398

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

        This matter has come before the Court on Appeal [docket # 42] brought by Plaintiffs, Dr. Reddy's Laboratories Ltd., Dr. Reddy's Laboratories, Inc., and Reddy Pharmaceuticals, Inc. (collectively, "Plaintiffs" or "Dr. Reddy's") of the Letter Order of February 10, 2012 [41] issued by Magistrate Judge Lois H. Goodman in which she denied Plaintiff's request for a protective order. This Appeal is brought pursuant to Local Civil Rule 72.1(c). Defendants, Nordion, Inc., formerly known as MDS, Inc., MDS Pharma Services (US), Inc., and MDS Pharma Services (Canada), Inc. (collectively, "Defendants" or "MDS") oppose this appeal [45]. The Court has reached a determination after considering all of the submissions of the parties and without oral arguments. For the following reasons, the Letter Order issued by Judge Goodman will be affirmed.

        I.     BACKGROUND

        This dispute arises out of the content of an email sent by one of Dr. Reddy's employees, M.S. Mohan, in which he discusses the rejection by the Food and Drug Administration of certain tests performed by MDS on behalf of Dr. Reddy's. Mr. Mohan is not an attorney, and none of the recipients of the email are attorneys. Moreover, there is nothing to indicate that this email

1

was sent at the behest of, or otherwise requested by, an attorney.  The parties have submitted the disputed email so that the Court may conduct an *in camera* review.  The particular portion of the email that Plaintiffs attempt to make subject to a protective order consists of one paragraph containing only two sentences.  On its face, the first sentence of this paragraph is a declarative statement by Mr. Mohan concerning the remedies available under a particular agreement.  The second sentence questions whether "may be [*sic*]" Dr. Reddy's should have their outside counsel in the State of New Jersey reexamine the agreement and give his advice about its terms.

Judge Goodman held in her Letter Order that the disputed portion of Mohan's email is not privileged as an attorney-client communication.  *See* Letter Order of Feb. 10, 2012, at 3–4.  Relying on the United States Court of Appeals for the Third Circuit's decision in *In re Grand Jury Investigation (Sun Co.)*, 599 F.2d 1224 (3d Cir. 1979), Judge Goodman reasoned that only a direct communication with an attorney was subject to the privilege; mere discussion about the possibility of seeking legal advice was not protected.  *See* Letter Order of Feb. 10, 2012, at 3–4.

II.     STANDARD OF REVIEW

As an initial matter, the parties dispute what standard of review this Court should adopt in deciding this appeal.  Plaintiffs would have this Court apply a *de novo* standard of review, while Defendants argue that an abuse of discretion standard is appropriate in this case.

Local Civil Rule 72.1(c)(1)(A) provides that a district judge may "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  L. Civ. R. 71(c)(1)(A); *see also Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 (3d Cir. 2009) (citation omitted).  The party filing the notice of appeal bears the burden of demonstrating that this standard is met.  *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law."  *Id.*  Legal conclusions on a non-

2

dispositive motion are therefore reviewed *de novo*. *See, e.g.*, *Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). On the other hand, a factual finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."[1] *Marks*, 347 F. Supp. 2d at 149. Therefore, this Court must determine whether this dispute is factual or legal in nature. Even if this appeal presents a mixed question of law and fact, the Court must "separate the issue into its respective parts, applying the clearly erroneous test to the factual component [and] the plenary standard to the legal." *Ram Constr. Co. v. Am. States Ins. Co.*, 749 F.2d 1049, 1053 (3d Cir. 1984); *see also N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Judge Goodman framed the issue as though it was a question of law. Letter Order of Feb. 10, 2012, at 3 ("The issue, therefore, is whether the attorney-client privilege arises from a party's stated intention to seek legal advise [*sic*], rather than the actual communications involved in seeking or receiving that advice."). "Although the applicability of a privilege is a factual question, . . . determining the scope of a privilege is a question of law, subject to plenary review." *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 124 (3d Cir. 1986) (citing *United States v. Liebman*, 742 F.2d 807, 809 (3d Cir. 1984)). The question decided by Judge Goodman is concerned with the scope of the privilege, not its applicability to the specific facts of the case. Therefore, the Court agrees with Plaintiffs that a *de novo* standard of review is appropriate. *Cf. Kaufman v. SunGard Inv. Sys.*, No. 05-cv-1236, 2006 U.S. Dist. LEXIS 28149, at *9 (D.N.J. May 9, 2006) (accepting factual finding that party knowingly and voluntarily

---

[1] When "[r]eviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines*, 975 F.2d at 93); *see also Essex Chem. Corp. v. Hartford Accident & Indem. Co.*, 993 F. Supp. 241 (D.N.J. 1998). Therefore, the supplemental certification submitted by M.S. Mohan at docket entry 43 will not be considered by the Court.

disclosed email under clearly erroneous standard and then reviewing whether knowing and voluntary disclosure waived privilege under a *de novo* standard).

### III. ANALYSIS

The law of the State of New Jersey applies to the question of privilege in this case because Plaintiffs' claims are based upon a breach of contract theory. *See* Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person . . . shall be determined in accordance with state law."). In New Jersey, the attorney-client privilege is statutory. *Tractenberg v. Twp. of West Orange*, 4 A.3d 585, 598 (N.J. Super. Ct. App. Div. 2010); *see also* N.J.S.A. 2A:84A-20. New Jersey Rule of Evidence 504, which quotes N.J.S.A. 2A:84A-20 in its entirety provides:

> Subject to [N.J. Evid. Rule 530] and except as otherwise provided by paragraph 2 of this rule communications between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer, or (ii) in a manner not reasonably to be anticipated, or (iii) as a result of a breach of the lawyer-client relationship, or (iv) in the course of a recognized confidential or privileged communication between the client and such witness. The privilege shall be claimed by the lawyer unless otherwise instructed by the client or his representative; the privilege may be claimed by the client in person, or if incompetent or deceased, by his guardian or personal representative. Where a corporation or association is the client having the privilege and it has been dissolved, the privilege may be claimed by its successors, assigns or trustees in dissolution.

N.J. R. Evid. 504; N.J.S.A. 2A:84A-20. As the language of this rule makes clear, the only communications subject to the attorney-client privilege in the State of New Jersey are those

communications directly between a client and a lawyer.[2] *See Rawlings v. Police Dep't of Jersey City*, 627 A.2d 602, 609 (N.J. 1993) (citing *Fellerman v. Bradley*, 493 A.2d 1239 (1985)).[3]

There is one limited exception to this general rule recognized by the statute: the privilege "extends to 'the *necessary* intermediaries and agents through whom the communications are made.'" *Tractenberg*, 4 A.3d at 598 (quoting *State v. Kociolek*, 129 A.2d 417 (N.J. 1957)) (emphasis added); *see also Rawlings*, 627 A.2d at 609 (quoting *State v. Davis*, 561 A.2d 1082 (1989)). This was recognized in two cases pointed to by the parties. *See State v. Lopiano*, 85 N.J.L. 357, 362 (E&A 1913); *Davis*, 561 A.2d 1082.

Plaintiffs have not presented any evidence that the receiving parties of the email in this case were necessary to facilitate communication to or from an attorney. As one court in this district has recognized, the recipients "status as a non-attorney also defeats any attorney-client privilege for the communications under New Jersey law." *Stayinfront, Inc. v. Tobin*, No. 05-4563, 2006 U.S. Dist. LEXIS 80498, at *10–11 (D.N.J. Nov. 3, 2006). Plaintiffs have also failed to demonstrate that the email recipients "played a vital role in facilitating communications between [Dr. Reddy's] and [their attorney] in the New Jersey action or that [the email recipients] w[ere] necessary to the New Jersey action." *Id.* at *12; *see also State v. Pavin*, 494 A.2d 834 (N.J. Super. Ct. App. Div.1985) (stating that lawyer-client privilege applies only to those

---

[2] The statutory definitions of both "client" and "lawyer" also make this clear. A "client" as defined under the statute includes "a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity." N.J.S.A. 2A:84A-20(3)(a). A "lawyer" is defined as "a person authorized, or reasonably believed by the client to be authorized to practice law in any State or nation the law of which recognizes a privilege against disclosure of confidential communications between client and lawyer." N.J.S.A. 2A:84A-20(3)(b).

[3] Similarly, nearly every case decided by the Third Circuit discussing the attorney-client privilege has listed as one requirement that the communication be made to or from an attorney. *See, e.g.*, *In re Grand Jury Investigation (Sun Co.)*, 599 F.2d at 1234; *In re Grand Jury Empanelled Feb. 14, 1978 (Markowitz)*, 603 F.2d 469, 474 (3d Cir. 1979); *Glenmeade Trust Co. v. Thompson*, 56 F.3d 476, 486 n.15 (3d Cir. 1995); *Rhone-Poulnec Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994); *Kelly v. Ford Motor Co. (In re Ford Motor Co.)*, 110 F.3d 954, 965 (3d Cir. 1997); *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 960 (3d Cir. 1984); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3d Cir. 1990).

communications between insured and insurance adjuster made for the *dominant purpose* of defense of insured by insured's lawyer). Simply forwarding an email to an attorney cannot retroactively make a communication subject to the privilege. Even accepting the representations made by Mohan in his certification, Plaintiffs have not satisfied their burden in demonstrating that the email in this case was drafted with the dominant intent of seeking legal advice, at the behest of an attorney, or otherwise within the scope of an attorney-client relationship. The attorney-client privilege in the State of New Jersey has been narrowly construed, and the Court will not expand it to the extent that Plaintiffs request.

**IV.     CONCLUSION**

For the reasons stated above, the Letter Order of February 10, 2012 issued by Judge Goodman was not clearly erroneous or contrary to law.

Therefore, IT IS on this 27th day of March, 2012,

ORDERED that Appeal [42] brought by Plaintiffs is DISMISSED; and it is

ORDERED that Letter Order [41] issued by Judge Goodman is AFFIRMED.

  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.